Defendant-appellant Thomas J. Weaver appeals the July 21, 2000 Judgment Entry entered by the Stark County Court of Common Pleas, adjudicating him a "sexual predator" as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 7, 1981, the Stark County Grand Jury indicated appellant on two counts of statutory rape, in violation of R.C. 2907.02(A)(1)(b); and three counts of gross sexual imposition, in violation of R.C.2907.05(A)(4). Appellant entered pleas of not guilty to all the charges at his arraignment on August 21, 1981. Shortly thereafter, appellant appeared in open court and expressed his desire to withdraw his former pleas of not guilty and enter pleas of guilty to all the charges. The trial court accepted the guilty pleas and sentenced appellant to an indeterminate term of imprisonment of five to twenty-five years on each of the rape counts, and an indeterminate term of imprisonment of three to ten years on each of the gross sexual imposition convictions. The trial court ordered the sentences be served concurrently.
Pursuant to R.C. 2950, the trial court scheduled an H.B. 180 hearing to determine appellant's classification as a sexual offender. After a number of continuances, the matter came on for hearing on June 14, 2000. Prior to the hearing, appellant filed motions to dismiss based upon ex postfacto and retroactivity grounds, and double jeopardy grounds; and a motion to declare H.B. 180 unconstitutionally vague, all of which the trial court overruled.
At the June 14, 2000 hearing, the State advised the trial court of the events which resulted in appellant's convictions and sentences. Appellant was thirty-two years of age at the time of offense. He had four victims, one of whom was his minor nephew as well as two neighbor girls and a friend's daughter. All of the children were between the ages of eight and ten. Appellant had performed anal intercourse and oral sex on his nephew. Relative to the minor girls, appellant admitted kissing the girls between their legs on multiple occasions, but denied the act constituted oral sex.
Jean Madden, counsel for appellant, informed the court of the programs appellant had participated in and completed while incarcerated. The programs include the Magellan Sexual Offender Program, during which he developed his own relapse prevention plan, the Victim Empathy and Psycodynamic Class; Choices and Changes, through which appellant gained an understanding of his life and the circumstances which brought him to prison; Stress Management Workshop; and Self Esteem and Social Skills Workshops. The trial court ordered appellant be evaluated by Melymbrosia Associates and ordered the counseling center to provide the trial court with a written report. The hearing resumed on July 19, 2000. The trial court permitted Attorney Madden to respond to the report. Thereafter, on the record, the trial court adjudicated appellant a sexual predator. The trial court memorialized its decision via Judgment Entry filed July 21, 2000.
It is from this judgment entry appellant prosecutes his appeal, raising the following as his sole assignment of error:
 I. TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT A SEXUAL PREDATOR.
 I
Herein, appellant maintains the trial court erred in classifying him as a sexual predator as such adjudication was not supported by clear and convincing evidence. Specifically, appellant contends the State presented no evidence to support a likelihood he would commit future sexually oriented offenses.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
The record reveals appellant, who was thirty-two years old at the time, engaged in anal intercourse and oral sex with his minor nephew. During this same time period, appellant engaged in sexual contact with three minor girls. In his report to the court, Steve Dean, Ph.D., a psychologist with Melymbrosia, stated in his summary and recommendation:
 Mr. Weaver reported that he had "raped" his nephew and had molested "two or three" other victims. Mr. Weaver appeared to be dishonest at times during the interview and he had difficulty talking about the details of his offending activities. He seemed to have little insight into his sexual offenses and labeled his childhood as the primary reason for his offenses. Mr. Weaver appeared to have little empathy for his victims and had little awareness as to how they were most likely impacted by him offending them.
 The present examiner has a number of concerns regarding Mr. Weaver potential for reoffending. Mr. Weaver had multiple victims that include both male and female victims. Mr. Weaver stated that he engaged, in sexual activity with children even though he was having sexual relations with other women. The present examiner has concern that Mr. Weaver's primary sexual preference may be children. Other areas of concern are Mr. Weaver's poor work history and possible dependency issues. Mr. Weaver stated he was more comfortable with children and he may be immature in the manner in which he relates to adults. Another concern is Mr. Weaver's estimated recidivism rate using the Rapid Risk Assessment of Sex Offender Recidivism, (RIZASOR) developed by Karl Hanson. Mr. Weaver was estimated to have a recidivism rate of 24.8 percent after five years of being released from prison and a recidivism of 36.9 percent after ten years of being released from prison.
We find these facts mitigate in favor of the trial court's decision. Accordingly, we find the trial court's classification of appellant as a sexual predator is supported by competent, credible evidence and is not against he manifest weight of the evidence.
Appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
 _______________ Hoffman, P.J.
Farmer, J. and Boggins, J. concur